**SIGNED THIS: October 06, 2010**

_____
GERALD D. FINES
UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE:                                )
                                      )
JAMAL ARTHUR MAATUKA and              )   Bankruptcy Case No. 10-90320
SHAYLA LOUISE MAATUKA,                )
                                      )
            Debtors.                  )

OPINION

This matter having come before the Court on a Motion for Turnover of Rents filed by First Federal Savings Bank of Champaign-Urbana (First Federal) and the oral objection of the Chapter 7 Trustee; the Court, having heard arguments of counsel and having reviewed the written memoranda of the parties, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute and the parties agree that First Federal has a valid mortgage lien against four parcels of real estate owned by the Debtors at the time of their Chapter 7 bankruptcy filing. Each of the four mortgages at issue contain an Assignment of Rents provision, found at paragraph 17 of the mortgages, which states:

>   17.   ASSIGNMENT OF RENTS; APPOINTMENTS OF RECEIVER; LENDER IN POSSESSION. As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 16 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.
>
>   At the request of the Mortgagee, Borrower has also executed in favor of Lender, an assignment of rents and/or leases.
>
>   Upon acceleration under paragraph 16 hereof or abandonment of the Property, and at any time prior to the expiration of any period of redemption following judicial sale, Lender, in person, by agent or by judicially appointed receiver, shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Mortgage. Lender and the receiver shall be liable to account only for those rents actually received.

In its Motion for Turnover of Rents, First Federal contends that, under each of the four mortgages at issue, it is entitled to any and all rents collected by the Chapter 7 Trustee following the Debtors' Chapter 7 bankruptcy filing. In opposition to First Federal Savings Bank's Motion for Turnover of Rents, the Chapter 7 Trustee contends that, while First Federal does have a valid mortgage lien on each of the four parcels of real estate at issue, the security interest created by the Assignment of Rents clause in each mortgage was not activated at the time of the Debtors' Chapter 7 bankruptcy filing; and, as such, First Federal is not entitled to a turnover of the rents collected by the Chapter 7 Trustee.

## Conclusions of Law

In order to determine the nature and extent of property rights in a debtor's assets, the Court must look to the law in the State of Illinois. Butner v. U.S., 440 U.S. 48, 99 S.Ct. 914 (1979); In re Sabol, 337 B.R. 195 (C.D. Ill. 2006). In this matter, First Federal claims a security interest in rents. The extent of the security interest in rents claimed by First Federal is determined by the intent of the parties as expressed in the security agreement. In re Nightway Transportation Co., Inc., 96 B.R. 854 (N.D. Ill. 1989). The intent of the parties in this matter is set forth in paragraph 17 of the four mortgages at issue.

Pursuant to paragraph 17 of the subject mortgages, it is clear that First Federal has a lien on the rents collected from the subject properties, but that lien is not a blanket lien on all rents. The right of First Federal to collect and retain rents only takes effect on the happening of one of two events: (1) acceleration of the mortgage loan; or (2) abandonment of the mortgaged property. The clear facts in this matter reveal that none of the subject properties were abandoned prior to the receipt of the specific rents in question, nor had First Federal accelerated any of the mortgage loans at issue. This being the case, the Court finds that the Motion for Turnover of Rents filed by First Federal must fail. Based upon the clear language of paragraph 17 of the subject mortgages, First Federal's right to collect rents was not ripe at the time of the Debtors' Chapter 7 bankruptcy filing, and there is no authority to suggest that the Debtors' Chapter 7 bankruptcy filing gave First Federal any additional or expanded rights to the rents at issue. The Chapter 7 Trustee standing in the shoes of the Debtors had a right to collect the rents following the Debtors' Chapter 7 bankruptcy filing until such time as First Federal either accelerated the mortgage loans in question or the subject real estate parcels were abandoned by the Chapter 7 Trustee.

###